**THE HONORABLE ROBERT S. LASNIK**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| AALACHO MUSIC, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DEEP DISH RECORDS, INC., a District of Columbia corporation, and YOSHITOSHI SHOP, L.L.C., a limited liability company,<br><br>Defendants. | NO. CV03-2358L<br><br>**AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>**August 13, 2004** |

**I. INTRODUCTION AND RELIEF REQUESTED**

This is an action for copyright infringement. Aalacho Music, LLC ("Aalacho") brings this motion requesting leave to amend its complaint to add parties affiliated with the Defendants that have admitted to participating in the infringing conduct. The Court's April 12, 2004 scheduling order, as modified by the stipulation of the parties extending the deadline by 14 days (Dkt. # 76), imposes a deadline of July 28, 2004 for amending the pleadings. The scheduling order imposed a May 10, 2004 deadline for adding parties.

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1
Case No. CV03-2358L

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

Aalacho demonstrates good cause, and leave should be granted.[1]  Moreover, it seeks to add parties which are closely related, and almost identical to, existing parties to the suit. Defendants will not suffer any prejudice.  In contrast, Aalacho may suffer significant prejudice if its request to amend is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Aalacho brought suit against Defendants alleging copyright infringement relating to Defendants' use of Aalacho's copyrighted material notwithstanding clear lack of authorization to do so.  Initially, Aalacho named Yoshitoshi Recordings.  Upon obtaining further information, Aalacho amended the complaint and filed the First Amendment Complaint (Dkt. #2) on September 2, 2003, naming the current defendants.

Aalacho promptly initiated discovery.  However, Defendants failed to make any attempt to engage in the requisite Rule 26 conference.  Aalacho sought and obtained an Order (Dkt. #55) from this Court compelling Defendants' effectuation of the requisite conference.  Following the conference, Aalacho propounded discovery, including Interrogatories and Requests for Production.  Defendants failed to timely respond. Eventually Defendants responded to the Interrogatories but failed to deliver the documents and materials responsive to the Discovery.  Counsel for Defendants sent a letter to counsel for Aalacho attesting that the documents had been or would promptly be transmitted. (See Declaration of Venkat Balasubramani submitted herewith ("Balasubramani Decl."), **Exhibit A**.)  However, the documents only arrived on June 22, 2004, twelve days after the filing of Aalacho's Motion for Summary Judgment (Dkt. #66). (Id.) Nowhere did the documents mention the involvement of Mr. Shirazinia and Mr. Tayebi (the "DJs") or of Deep Dish Productions, Inc. (the "DJ Entity") in the allegedly infringing activities.  For the first time, in response to Aalacho's Motion for Summary Judgment, Defendants divulged in their responsive pleadings (Dkt. #71) filed

---

[1] Aalacho conferred with counsel in an attempt to obtain agreement with respect to the proposed amendment.  Counsel for defendants declined to stipulate to Aalacho's proposed amendment.

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2
**Case No.  CV03-2358L**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

on June 28, 2004, that the individual owners of Deep Dish, and Deep Dish Productions, Inc. also participated in the infringing activity. Specifically, Defendants' Opposition to Motion for Summary Judgment (Dkt. # 71) noted that "the DJs selected and mixed the songs to be used on the compilation." (*See* Opposition to Motion for Summary Judgment, p. 5.) Similarly, the Declaration of Ali Shirazinia (Dkt. # 73) described actions taken by the DJs pursuant to an agreement between Global Underground, Ltd. and Deep Dish Productions, Inc. (*See generally* Shirazinia Decl.) Defendants sought to escape liability by arguing that the DJs and the DJ Entity, which they argued are not parties to the lawsuit, were actually the ones who engaged in the infringing conduct, and thus that the Defendants should not be held liable. (*See*, *e.g.*, Opposition at p. 2 ("Though the DJs own Deep Dish Records, Inc., their services to Global were not provided on behalf of defendants.") Aalacho now seeks leave to add the DJs and the DJ Entity as defendants. (*See* Balasubramani Decl. **Exhibit B** (proposed amended complaint).)

### III. DISCUSSION

**A.  Standards Governing Amendment**

The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *see also* Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). Courts generally grant leave to amend unless the opposing party makes a showing of undue prejudice, bad faith or dilatory motive. Foman v. Davis, 371 U.S. 178, 184 (1962). Following the date specified in the scheduling order, a party can still obtain leave to amend (in the court's discretion) upon a showing of good cause. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

**B.  Aalacho Satisfies The Good Cause Standard**

1.  <u>Aalacho did not become aware, through the exercise of diligence, of the DJs' and the DJ Entity's existence or involvement in the underlying infringement.</u>

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3
**Case No.  CV03-2358L**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

In the present instance Aalacho satisfies good cause.[2] First, Aalacho exercised reasonable diligence in conducting discovery. It propounded interrogatories, requests for production and requests for admission. Defendants, on the other hand, failed to timely respond to Aalacho's discovery. Defendants initially failed to engage in the Rule 26 conference. Then, Defendants produced responsive documents a month late. Notwithstanding the exercise of Aalacho's diligence, Aalacho learned for the first time of the involvement of the individuals and the existence of this separate corporate entity, four weeks ago. Aalacho did not, and could not, have possession of this information any earlier. Second, Defendants will not suffer any prejudice as a result of Aalacho's request to amend the complaint. The amended complaint adds parties that are, in a different form, already a part of this lawsuit. Thus the proposed defendants (the DJs and the DJ Entity) are familiar with the facts and can benefit from the discovery conducted by existing defendants. Defendants will not be required to conduct any additional discovery as a result of the amendment. Thus, the proposed amendment would not affect the case schedule in any manner.

2.  <u>It would be inequitable to refuse Aalacho's proposed amendment.</u>

Aalacho will be severely prejudiced if the proposed amended complaint is not allowed. The facts may show that the individuals and the separate entity (*i.e.*, the DJs and the DJ Entity) are actually responsible for the infringing acts. In this event Aalacho would be denied recovery in the current lawsuit, notwithstanding numerous admitted acts of infringement by Defendants or persons or entities closely affiliated with Defendants. Similarly, absent the addition of the DJs and the DJ Entity, Aalacho may obtain a judgment against Defendants but Defendants may lack assets to satisfy that judgment, even though Defendants engaged in infringing conduct, either directly or through a

---

[2] Aalacho is adding parties to the lawsuit which are controlled by, or alter-egos of, existing parties. Aalacho's proposed amendment should be treated as a adding claims, and not parties. If viewed as an addition of claims, Aalacho's request is timely, and does not require any modification of the court ordered case schedule (which, as modified by the subsequent order, set a deadline of July 28, 2004).

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO
AMEND COMPLAINT - 4
**Case No. CV03-2358L**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

controlled entity. In such event, Aalacho would be denied recovery notwithstanding the result of a judgment in its favor. Allowing Aalacho to amend its complaint avoids these inequitable scenarios, and furthers the purpose behind the Federal Rules of Civil Procedure favoring liberal amendments of pleadings and efficient resolution of disputes.

### IV. CONCLUSION

Aalacho satisfies the "good cause" standard required by Rule 15. Consequently, Aalacho respectfully requests that the Court grant its motion and allow Aalacho to amend its complaint.

DATED this 28th day of July, 2004.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _/s/_

Derek A. Newman, WSBA No. 26967
Venkat Balasubramani, WSBA No. 28269
**Attorneys for Plaintiff Aalacho Music, LLC**

505 Fifth Ave South, Suite 610
Seattle, Washington 98104
(206) 274-2800 phone
(206) 274-2801 fax

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5
**Case No. CV03-2358L**

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of July, 2004, I caused the foregoing **AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** to be served via notice of electronic filing on the following parties:

Eric Stahl
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on July 28, 2004, at Seattle, Washington.

_____
Diana Au

AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT - 6
**Case No. CV03-2358L**

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

**THE HONORABLE ROBERT S. LASNIK**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| AALACHO MUSIC, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DEEP DISH RECORDS, INC., a District of Columbia corporation, and YOSHITOSHI SHOP, L.L.C., a limited liability company.<br><br>Defendants. | **No. CV 03-2358L**<br><br>**[PROPOSED] ORDER ON AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>NOTE ON MOTION CALENDER: [August 13, 2004] |

Plaintiff Aalacho Music, LLC ("Aalacho") seeks leave of the Court to amend its Complaint to add Mr. Shirazinia and Mr. Tayebi (the "DJs") and Deep Dish Productions, Inc. (the "DDPI").

Based on the Court's review of Aalacho's Motion For Leave to Amend, the Declaration of Venkat Balasubramani, Defendants' Response, and Aalacho's Reply, the Court finds and rules that:

1. Aalacho demonstrates good cause for leave to add the DJs and DDPI; and
2. Defendants will not be materially prejudiced by the proposed amendment.

//
//

**[PROPOSED] ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT- 1**
No. CV 03-2358L

1  THEREFORE, the Court GRANTS Aalacho leave to amend its complaint and file
2  the Amended Complaint attached to its Motion for Leave.

3

4  IT IS SO ORDERED.

5  Dated this __ day of _____, 2004

6

7

8  **ROBERT S. LASNIK**
   UNITED STATES DISTRICT JUDGE

9

10

11  Presented by:

12  **NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
    505 Fifth Ave South, Suite 610
13  Seattle, WA 98104
    phone (206) 274-2800
14  fax (206) 274-2801

15

16  _[signature]_

17  Derek A. Newman, WSBA No. 26967
    Venkat Balasubramani, WSBA No. 28269

18  Attorneys for Plaintiff
    **Aalacho Music, LLC**
19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT- 2**
No. CV 03-2358L

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801