03-CV-02358-AF

FILED ___ ENTERED ___
LODGED ___ RECEIVED ___

AUG 04 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AALACHO MUSIC, LLC,

    Plaintiff,

v.

DEEP DISH RECORDS, INC., and
YOSHITOSHI SHOP, LLC,

    Defendants.

Case No. C03-2358L

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. # 66) filed by plaintiff Aalacho Music, LLC ("Aalacho"). Aalacho seeks an order finding that defendants Deep Dish Records, Inc. ("Deep Dish") and Yoshitoshi Shop, LLC ("Yoshitoshi") (collectively, "Defendants") infringed upon Aalacho's copyrighted material and that the infringement was willful. For the reasons set forth in this Order, the Court denies Aalacho's motion.[1]

---

[1] Defendants requested oral argument in accordance with Local CR 7(b)(4). Having considered the motion, response, and reply, the Court finds that this matter should be resolved without oral argument.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

## II. DISCUSSION

A. Background.

1. The Parties.

Aalacho distributes music and sound recordings created by Nathan Scott. In November of 2002, Aalacho released a compact disc entitled *Sugar*. *Satellite* ("the Track") was one of the most popular tracks on the *Sugar* album. Aalacho owns copyrights to the Track.

Yoshitoshi operated a record store in Washington, D.C., which closed on May 1, 2003. Defendants have provided uncontested evidence that Yoshitoshi ceased operation prior to any of the events giving rise to this litigation. See Shirazinia Decl. ¶ 5.

Deep Dish is the corporate name for a record label known as Yoshitoshi Recordings. Deep Dish operates the website www.yoshop.com, through which customers may purchase music. Deep Dish is owned and operated by Ali Shirazinia and Sharam Tayebi (collectively, "the DJs"). The DJs are known by the stage name "Deep Dish." The DJs appear live in dance clubs, where they play and mix electronic and international music. They also record such mixes. The DJs occasionally conduct business through "Deep Dish Productions Inc.," a corporation Defendants contend is distinct from either Defendant. Id. ¶ 6.

2. License for the Track.

In late 2002, Deep Dish contacted Aalacho and expressed interest in licensing the Track. Deep Dish was interested in releasing the Track on vinyl, which is a niche market for electronic dance music. Aalacho delivered copies of the Track for evaluation purposes. On January 14, 2003, Deep Dish and Aalacho executed a license agreement pursuant to which Aalacho granted Deep Dish exclusive rights to the Track. Under the agreement, Deep Dish was to pay an advance and royalties to Aalacho. Deep Dish never made such payments.

On February 6, 2003, Deep Dish sent a letter to Aalacho that purported to cancel the

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

agreement.[2] See Nasseri Decl. Ex. E. The letter requested that Aalacho confirm receipt of the letter. By letter dated February 19, 2003, Aalacho acknowledged receipt of the cancellation. See Branch Decl. Ex. C. Deep Dish contends it did not receive the confirmation letter until May 1, 2003. (Nasseri Decl. ¶ 14). On April 7, 2003, Deep Dish informed Aalacho that it wished to reinstate the licensing agreement. See Nasseri Decl. Ex. F. Aalacho rejected that offer on April 15, 2003, but invited Deep Dish to submit a new proposal regarding licensing the Track. See Balasubramani Decl. Ex. 2.

### 3. The Compilation CDs.

In 2001, the DJs were approached by a British record label known as Club Parasite Ltd. ("CPL"), the predecessor to Global Underground Ltd. ("Global"), regarding production of a "continuous, club-style mix of songs" on CD. The DJs signed a contract with CPL, and ultimately recorded an album. The DJs contend that their contribution to this effort was limited to lending "their profile to the project" and to selecting and mixing the songs to be used on the album. (Response at 5). In 2002, Global contacted the DJs about creating additional compilations. The DJs and Global entered into an agreement to produce one two-CD compilation, with an option to produce an additional CD. (Shirazinia Decl. ¶¶ 9-10 & Ex. B). Pursuant to that agreement, Global released *Deep-Dish Toronto #25* ("*Toronto*") in June of 2003, and a box set combining *Toronto* with additional works in November of 2003. (Shirazinia Decl. ¶ 9). The Track was included in *Toronto* and the box set.

As with the previous agreement with CPL, under the agreement between the DJs and Global, the DJs were required to provide a list of musical tracks by various artists to include on the compilations. Global, in turn, was responsible for obtaining copyright licenses for the tracks

---

[2] Deep Dish cancelled the licensing agreement on the grounds that Aalacho had failed to disclose that it had previously authorized another record company to release the Track on vinyl. (Response at 8 (citing Shiranzinia Decl. ¶ 15; Nasseri Decl. ¶ 10)). However, the license agreement specifically stated that it "shall exclude . . . the license issued . . . to Kaos Records for the 'DJ Vibe Global Grooves' compilation." (Nasseri Decl. Ex. D).

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 3

prior to release of each album. The agreement provides:

> [Global] hereby acknowledges and confirms that it shall be solely responsible for clearance of any or all rights existing in the Recordings and the compositions contained thereon and making all payments in connection therewith and shall be solely responsible for obtaining all mechanical licenses applicable thereto.

(Shirazinia Decl. Ex. B ¶ 19; see also id. ¶ 1(b) (after receiving the tracks the DJs intend to use, Global "will commence the clearance procedures necessary in respect of each track" and will continue "until there are an adequate number of tracks to comprise" the album)).

Of the twenty-five tracks that Global released on *Toronto*, eight were owned or controlled by Deep Dish. (Shirazinia Decl. ¶ 14; Nasseri Decl. ¶ 5). Global obtained licenses from Deep Dish for those eight tracks. (Nasseri Decl. ¶¶ 4-6 & Exs. A-C). The Track was not one of the tracks for which Global obtained a license from Deep Dish. Deep Dish contends that it repeatedly communicated to Global that Global was obliged to obtain any necessary rights in the Track and that Global informed Deep Dish that Global and Aalacho had reached an agreement regarding those rights. (Nasseri Decl. ¶ 16).

In May of 2003, Aalacho became aware that an album containing the Track would be offered for sale on Deep Dish's website. Aalacho wrote to Defendants and demanded that they desist from this alleged copyright infringement. Defendants denied that they were responsible for release of the Track on *Toronto*. In July of 2003, Aalacho filed a complaint against Yoshitoshi alleging copyright infringement and violation of the Lanham Act.[3] On September 2, 2003, Aalacho filed an amended complaint, which added Deep Dish as a defendant.

Aalacho now moves for summary judgment of liability on its copyright infringement claim.

**B.  Summary Judgment Standard.**

Summary judgment is proper if the moving party shows that "there is no genuine issue as

---

[3] On January 16, 2004, the Court dismissed Aalacho's Lanham Act claim. See Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. # 48) at 9.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 4

to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court should consider all of the material evidence and determine whether reasonable persons could reach but one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A court must construe all facts in favor of the non-moving party. Id. at 255.

**C.   Analysis.**

To prevail on a copyright infringement action, a plaintiff must demonstrate (1) ownership of the copyright, and (2) that the defendant violated one of the exclusive rights granted to copyright holders. 17 U.S.C. § 501(a). Those exclusive rights include the rights (1) to reproduce, (2) to prepare derivative works, (3) to distribute, (4) to perform, (5) to display, and (6) to perform by digital audio transmission. 17 U.S.C. § 106. The parties do not dispute that Aalacho owns the copyrights in the Track.

Aalacho contends that Defendants committed several acts of infringement, including distributing the Track, reproducing the Track, and authorizing third-party acts of infringement. (Motion at 9-11). Aalacho also contends that Defendants are liable for contributory infringement and that Defendants' infringement was willful. Id. at 10.

**1.   Infringement by Distribution.**

Defendants admit that they sold approximately sixty copies of the Track. (Response at 17-18). However, Defendants contend that the Court should not find this to constitute infringement because "there is a factual dispute as to whether Global had the consent of Aalacho to include the Track on the compilations." Id. at 17. Defendants have provided no admissible evidence that Global had Aalacho's consent to use the Track. Even if Defendants believed Global possessed a license to use the track, that does not preclude a finding of liability as "[d]irect infringement does not require intent or any particular state of mind." Los Angeles News Serv. v. Conus Communications Co. Ltd. P'ship, 969 F. Supp. 579, 584 (C.D. Cal. 1997) (citing 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.08 (1996) ("In actions for statutory copyright infringement, the innocent intent of the defendant will not

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 5

constitute a defense to a finding of liability.")). Defendants also contend that it would be inequitable to hold them liable for such *de minimis* infringment. However, "[a] single copy is sufficient to support a claim of copyright infringement." <u>Atari Games Corp. v. Nintendo of Am., Inc.</u>, 975 F.2d 832, 840 (Fed. Cir. 1992).

Defendants further argue that even if they infringed upon Aalacho's copyrights by distribution, Aalacho is equitably barred from recovery by the doctrine of unclean hands. (Response at 18-20). That doctrine "bars relief to a party who has violated conscience, good faith or other equitable principles in his prior conduct." <u>Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.</u>, 890 F.2d 165, 173 (9th Cir. 1989). Specifically, Defendants contend that Aalacho only acknowledged Deep Dish's repudiation of the license agreement after Deep Dish reinstated that agreement. Additionally, Defendants contend that Aalacho led Global to believe that inclusion of the Track on *Toronto* was permissible prior to the release of that album. In support of this argument Defendants cite the Nasseri Declaration in which Mr. Nasseri states that "I specifically recall Mr. Tierney [Global's Managing Director] informing me that Aalacho was 'fine' with the release of *Satellite* on the compilations under terms that Global (through Mr. Tierney) and Aalacho (through Mr. Balasubramani) had negotiated and agreed to." (Nasseri Decl. ¶ 16). If taken for the truth of the matter asserted, this statement would constitute inadmissible hearsay. Fed. R. Evid. 801. Defendants also cite an electronic mail message from Aalacho's attorney that informed Global that Aalacho had "no problems with the terms of the deal" offered by Global.[4] (Nasseri Decl. Ex. L).

Viewing the facts in the light most favorable to Defendants, the Court finds that Defendants have made the barest showing that the doctrine of unclean hands prevents summary

---

[4] Aalacho's attorney's full statement in the electronic mail message provides less support for Defendants' argument than the portion quoted in Defendants' response. Aalacho's attorney stated in relevant part, "the attached letter indicates our position, which is essentially that we have no problems with the terms of the deal *but have to first iron out our situation with [Deep Dish]*." (Nasseri Decl. Ex. L (emphasis added)).

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 6

determination of infringement by distribution. However, if it is ultimately determined that this equitable doctrine is inapplicable, Deep Dish will be liable for infringement of the copyrights by distribution.

### 2. Contributory Infringement.

A party may be liable for contributory infringement if it (1) has knowledge of the infringing activity and (2) causes or materially contributes to the infringing conduct. A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1019 (9th Cir. 2001). Defendants contend that they may not be held liable for contributory infringement because the conduct alleged to constitute contributory infringement was undertaken by the DJs, not Deep Dish. (Response at 12-13). Additionally, Defendants argue that because the DJs' agreement with Global required Global to obtain the necessary licenses, Defendants did not act with the requisite knowledge. Id. at 13.

The Court finds that genuine issues of fact regarding whether Defendants had knowledge of the infringing activity prevents summary judgment of liability under the doctrine of contributory infringement.[5]

### 3. Infringement by Reproduction.

The parties do not dispute that a copied version of the Track appears on the *Toronto* album. Given this uncontested fact, Aalacho contends that Defendants violated Aalacho's exclusive right to reproduce the Track.

Aalacho admits that a copy of the Track was provided to the DJs "for the purpose of evaluating it." (Motion at 11; Shirazinia Decl. ¶ 20). Considering this evidence in the light most favorable to Defendants, Defendants may have had the right to use the work for evaluative purposes, including provision of the mixed track to Global for determination of whether it

---

[5] Because the Court finds that issues of fact regarding Defendants' knowledge prevents summary judgment on contributory infringement, the Court does not resolve whether Defendants may be subject to alter ego or vicarious liability for the acts of the DJs.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 7

should be included on the compilation album. <u>Effects Assocs. v. Cohen</u>, 908 F.2d 555, 558 (9th Cir. 1990). The Court therefore finds that summary judgment in Aalacho's favor on the basis of infringement by reproduction is not warranted.

### 4. Authorization of Third-Party Acts of Infringement.

"[A]n infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner." <u>Sony Corp. of Am. v. Universal City Studios, Inc.</u>, 464 U.S. 417, 435 (1984).

Aalacho contends that Defendants are responsible for Global's alleged infringement of the Track because Defendants authorized that infringement. (Motion at 11). Summary judgment on this issue must be denied because issues of fact preclude resolution of whether Defendants authorized Global's allegedly infringing conduct. <u>See, e.g.</u>, Nasseri Decl. ¶¶ 16 & Ex. L; Shirazinia Decl. ¶¶ 13-14, 20.

### 5. Willful Infringement.

Aalacho contends that it is entitled to a finding that Defendants' copyright infringement was willful. Aalacho has failed to demonstrate that it is entitled to summary judgment of infringement and therefore is not entitled to a finding of willfulness at this stage in the litigation. Additionally, even had the Court found Defendants to have infringed Aalacho's rights in the Track, the evidence presently before the Court does not support a finding of willfulness on summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Aalacho's motion for summary judgment (Dkt. # 66).

DATED this 4th day of August, 2004.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 8