The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AALACHO MUSIC, LLC, a Washington limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>DEEP DISH RECORDS, INC., a District of Columbia corporation, and YOSHITOSHI SHOP, L.L.C., a limited liability company,<br><br>      Defendants. | No. CV 03-2358L<br><br>**DEFENDANTS' OPPOSITION TO AALACHO MUSIC, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

## I. INTRODUCTION

Defendants respectfully submit this opposition to the motion of Plaintiff Aalacho Music, LLC ("Aalacho") for leave to amend its complaint.

The motion should be denied, <u>first</u>, because the amendment would be futile, in that it seeks to add defendants who are not subject to personal jurisdiction in Washington state. These defendants – two individual musician/DJs and a corporation, the sole business of which is to furnish these individuals' personal services (collectively, "the DJs") – are based in Washington, D.C., and have rarely set foot or conducted business in this state. Their contact with this forum has been too random and sporadic to subject them to general

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 1
(Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

personal jurisdiction, and too far removed from the conduct at issue in this lawsuit to subject them to specific jurisdiction.

In a prior order (Dk. # 48), this court found that specific personal jurisdiction over the existing defendants was predicated on the fact that they allegedly sold infringing recordings on a website to a Washington resident, and that license negotiations with Aalacho were conducted in part through a Washington resident.  Neither of these jurisdictional acts can form the basis for jurisdiction over the DJs, however, because the DJs were not involved in or responsible for those acts.

Second, the motion to amend should be denied because it is untimely, and because Aalacho's delay was unreasonable and will prejudice defendants.  The only substantive "amendment" is the addition of three new defendants.  As such, it is nothing but an attempt to join additional parties – the deadline for which passed on May 10, 2004.  *See* Dk. # 65.

Moreover, as Aalacho has known since at least May 2003, the allegedly infringing CD compilations at the heart of this lawsuit were released not by Deep Dish Records, Inc., nor by the DJs, but by Global Underground Ltd. ("Global").  Global was solely responsible for, among other things, obtaining the rights to all songs used on its CDs, including Aalacho's copyrighted work (the "Track").  The DJs were hired under contract by Global. That contract has an indemnification by Global of Deep Dish Productions, Inc. ("Productions"), one of the proposed new defendants.  Had Aalacho added Productions in a timely manner, Productions would have pursued a third-party claim here against Global. Aalacho's unwarranted delay precludes it from doing so.  It also precludes defendants from conducting discovery into the bases for the claims against the new defendants: discovery is to be completed by September 12, meaning written discovery can be served no later than this week.  The proposed amendment thus should be denied as dilatory and prejudicial.

In the alternative, if the amendment is allowed, defendants request that the discovery cutoff and other case deadlines be extended, with sufficient time for defendants to bring a motion to dismiss for lack of personal jurisdiction; to conduct additional

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 2
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

discovery; and to consider bringing a third-party complaint in this action against Global and possibly others that (unlike the defendants Aalacho has chosen to pursue) are ultimately responsible for any infringement of the Track. Defendants respectfully suggest these issues should be addressed in a status conference with the Court.

## II.    FACTS

### A.    Background

Plaintiff's copyright infringement claim alleges that defendants are responsible for unauthorized distribution of the Track on a pair of CD compilations. Those CDs were released by Global, an independent UK record label that is not affiliated with either the existing or the proposed defendants. *See* 8/6/04 Order (Dk. # 80) at 3. By written contract, Global was exclusively responsible for obtaining all rights clearances, including copyright, of the sound recordings prior to the CD's release. *Id.* at 3-4.

On June 10, 2004, Aalacho brought a motion for summary judgment as to the liability of the existing defendants. Dk. # 66. Among other things, plaintiff claimed that defendants licensed the Track to Global for use on the compilations. *See id.* at 4. This assertion is completely false. *See, e.g.,* Dk. # 72 (prior Nasseri Decl.) ¶¶ 15-17 & Ex. K, L; Dk. # 73 (prior Shirazinia Decl.) ¶¶ 13, 14, 20. In fact, as detailed in defendants' opposition to the summary judgment motion, Deep Dish Records, Inc. specifically and repeatedly informed Global that it was contractually obliged to obtain rights in the Track from Global, and believed that Global had done so. Dk. # 71; Dk. # 72, ¶¶ 16-17 & Ex. L; Dk. # 73, ¶¶ 13, 14, 20; Concurrently filed Declaration of Kurosh Nasseri ("Nasseri Decl."), Ex. A (representation from Global that "all tracks" on the CDs had been "cleared").

The fact that Global was responsible for clearing rights in the songs is not news to Aalacho. In fact, by no later than May 14, 2003 (several weeks before the release of the first compilation), Aalacho was negotiating directly with Global, and indicating to Global

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 3
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

that it could use the Track on the compilation. Dk. # 72, Ex. L; Dk. # 80 at 6. Aalacho, in its summary judgment motion, failed to inform the Court of this fact.

On August 6, 2004, the Court denied Aalacho's motion for summary judgment. *Id.*

Aalacho now seeks to amend its complaint. The only substantive change it proposes, however, is to add three new defendants. The deadline for joining new parties in this case was May 10, 2004.

**B.    The Proposed New Defendants Have Had Very Limited Contacts With Washington State.**

The three proposed defendants are the individual DJs who perform under the stage name "Deep Dish" (Ali Shirazinia, who performs as Dubfire, and Sharam Tayebi, who performs as Sharam), and Productions. Dk. # 73, ¶ 2. The individuals live in Washington, D.C., and Productions is based there. *See* Proposed 2nd Am. Compl. at ¶¶ 3.4-3.6. Productions is an independent corporation, distinct from the existing defendants. It exists solely as a furnishing entity − that is, its only business is to furnish the personal services of Mr. Shirazinia and Mr. Tayebi as DJs and as producers. Concurrently filed Declaration of Ali Shirazinia ("Shirazinia Decl.") ¶ 4; Concurrently filed Declaration of Sharam Tayebi ("Tayebi Decl.") ¶ 4; Nasseri Decl. ¶ 3. The DJs perform in night clubs, in concert venues and on recordings, playing and mixing varying styles of electronic and pop music. Dk. # 73, ¶ 3.

Deep Dish (the performers) have appeared together in Washington on just a handful of occasions, most recently at a club in Seattle in 2000. Mr. Tayebi performed individually in Seattle on two other occasions, in 2001 and again on July 20, 2002. These visits to Washington were solely for the purposes of performing in the clubs. Tayebi Decl. ¶ 3; Shirazinia Decl. ¶ 3. Notably, they pre-date, and were wholly unrelated to, both the DJs' contract with Global (which did not arise until early 2003) and any contact with Aalacho (which began in December 2003).

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 4
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    Neither of the individual DJs, nor Deep Dish Productions, Inc., has conducted business in Washington state, other than for the above-mentioned three performances. The proposed defendants do not own real or personal property in, and do not knowingly derive benefits from, Washington state. The DJs' work on the Global compilation CDs occurred entirely outside of Washington state. Shirazinia Decl. ¶ 3, 5-7; Tayebi Decl. ¶¶ 3, 5-8.

This Court previously ruled that the existing defendants are subject to specific personal jurisdiction in Washington for two reasons. The primary reason was the allegation that defendants sold, through a website, copies of the allegedly infringing Global CD.[1] Dk. # 48 at 4. The other jurisdictional fact is that in the course of negotiating a prior license agreement with Aalacho, a representative of Deep Dish Records, Inc., on several occasions contacted an Aalacho representative in Washington. *Id.*

Neither the website sales nor the negotiations can provide a basis for finding personal jurisdiction over the DJs. The website was owned and operated by Deep Dish Records, Inc., not by Productions or the individual DJs. Dk. # 73, ¶ 17; *see* Tayebi Decl. ¶ 4; Shirazinia Decl. ¶ 4. As for the negotiations with Aalacho's Washington representative, neither the DJs themselves nor Productions were involved. As Aalacho admits, the negotiations were conducted by two business agents for the ***record label*** (which had considered obtaining the Track as a Deep Dish Records release). Dk. # 28, ¶¶ 6-17. The DJs were not involved. Tayebi Decl. ¶ 9; Shirazinia Decl. ¶ 8.

C. **Aalacho Has No Justification for Waiting Until the Eleventh Hour to Attempt To Add New Defendants.**

Seeking to justify its out-of-time amendment, Aalacho's instant motion alleges that it was not until defendants' summary judgment opposition that, "[f]or the first time," the role of the DJs in the events at issue was "divulged." Motion at 2. This is nonsense. The role of the performers is prominently displayed on the compilation CDs themselves,

---

[1] Approximately 60 copies of the allegedly infringing CDs were sold. Defendants subsequently learned that only ***one*** Washington resident purchased the Track from the website. That individual is Brian Cartmell, Aalacho's president! *See* Dk. # 28, ¶ 2.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 5
(Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  including on liner notes that Aalacho called out in its motion for summary judgment. The
2  CD cover prominently features a picture of the individual DJs. Dk. # 67, Ex. E. The liner
3  notes (which Aalacho emphasized in its brief) state that the CD was "[c]ompiled, mixed,
4  edited and tweaked *by Dubfire* [Ali Shirazinia] *& Sharam* [Tayebi] for *Deep Dish*
5  *Productions* on Pioneer equipment. Assisted by Matt Nordstrom at Deep Dish Studios –
6  *Washington, DC*." *Id.* (emphasis added); Dk. # 66 at 10:14-16.

7  Further, response to Aalacho's written discovery, the individual DJs were disclosed
8  as persons with relevant knowledge. Nasseri Decl. Ex. B (Interrog. # 2). More
9  significantly, in response to an interrogatory asking "who facilitated and/or assisted with
10 any modification and/or editing of the Track," defendants named three people – the two
11 DJs along with Matt Nordstrom, the producer identified in the liner notes. *Id.* (Interrog.
12 # 5). These interrogatory responses were provided to plaintiff on May 10, 2004, nearly
13 three months before plaintiffs brought this motion. Aalacho has served no follow-up
14 written discovery. Nor has it sought to depose the individual DJs (or any other witness).[2]

15 Instead, Aalacho has waited, until past the eleventh hour, to attempt to add the DJ
16 defendants based on actions that they allegedly took pursuant to a contract with Global.
17 This delay is unfair to defendants, and threatens to limit their right to recover from parties
18 that are ultimately responsible to the harm, if any, sustained by Aalacho.

19 The contract that led to the compilation CDs was solely between Global and
20 Productions, with a separate inducement letter signed by the individual DJs. Dk. # 73, Ex.
21 B. Under that contract, Productions was responsible for providing certain services to
22 Global in connection with the CD compilations. Dk. # 73, ¶ 11 & Ex. B. These services

---

[2] Aalacho's motion complains of delays in discovery, but the examples it cites involve disputes that the parties have resolved, and that are not relevant to the instant motion. Such complaints have become a staple of Aalacho's briefing, but they are just an unwarranted tactic meant to portray defendants in a bad light. Any legitimate dispute about discovery should be raised first in a conference of counsel pursuant to Local Rule 37(a)(2).

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 6
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

were at all times conducted by and through the furnishing entity, Productions. These tasks, which constituted the DJs' sole contribution to the CDs, were conducted wholly outside the state of Washington, generally in Washington, D.C.[3] Tayebi Decl. ¶ 8; Shirazinia Decl. ¶ 7; Dk. # 67, Exhibit E.[4]

The Global contract contains a general indemnification provision, stating that each party (Global and Productions) will:

> indemnify and hold harmless the other from and against any
> and all claims, damages, liabilities, costs and expenses
> arising out of any third party claim in respect to any breach
> by the other in respect of their obligations or of any
> representation made by the appropriate party in this
> Agreement provided such claim has been finally adjudicated
> by a competent court or settled with the others' prior written
> consent.

Dk. # 73, Ex. B ¶ 13. ***More specifically***, Global also indemnified Deep Dish Productions, Inc. against "any liability" stemming from Global's sole responsibility for obtaining all rights in the tracks to be used on the compilations. *Id.* ¶ 19.

Had the existing Defendants been given previous notice that the DJs faced potential liability in this action, they would have pursued indemnification or other remedies against Global. In particular, if Productions is named as a defendant in this action, it would seek to enforce, in this action, its contractual right of indemnification against Global. The timing of Aalacho's amendment, however, would preclude it from doing so within the confines of the existing case schedule.[5]

---

[3] Neither of the existing defendants was involved in performing these tasks. Dk. # 73 ¶ 11 & Ex. B.

[4] Even the physical sound recording of the Track provided by Aalacho originated not with Aalacho's Washington state representative (Brian Cartmell) but with Nathan Scott, who at the time resided in New York. Dk. # 73, ¶¶ 10-13, 20; Shirazinia Decl. ¶ 8. That copy of the Track was provided to the DJs for purposes of evaluating it, and the DJs properly used it for that purpose. *See* Dk. # 80 at 7-8.

[5] Defendants believe they also may have additional claims against other parties in the CDs' retail distribution chain. To date, it has not pursued those claims here out of concerns for whether personal jurisdiction could be obtained over these potential defendants. Any theory that supports personal jurisdiction in Washington over the DJs, however, also would support jurisdiction over these other defendants. Thus, if the Court grants plaintiff's

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 7
(Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### III. REASONS LEAVE TO AMEND SHOULD BE DENIED

"A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *accord*, *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). In determining the propriety of an amendment, courts look to the following factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Here, Aalacho's motion should be denied, first, because the amendment is futile and subject to dismissal, in that there is no personal jurisdiction over the proposed new defendants. (Section A.) Second, Aalacho's delay in filing its proposed amendment is unjustified, and will unduly prejudice defendants. (Section B.)

#### A. The Amendment Would Be Futile and Subject to Dismissal Because the DJs Are Not Subject to Personal Jurisdiction in Washington.

The applicable standards for determining whether personal jurisdiction exists over an out-of-state defendant are set forth in detail in this Court's January 16, 2004, Order. Dk. # 48, at 2-3. In brief, Aalacho bears the burden of proving the necessary jurisdictional facts. *Flynt Dist. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). To satisfy due process, Aalacho must show that defendant has the requisite "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Aalacho also must satisfy Washington's long-arm statute, which provides for personal jurisdiction over non-residents who conduct business within the state and those who commit tortious acts within the state. RCW 4.28.185(1)(a), (b). If the defendant's contacts with the forum state are "substantial" or "continuous and systematic," the court may assert "general personal jurisdiction," even for claims unrelated to such contacts. *Peterson v. Kennedy*, 771 F.2s 1244, 1261 (9th Cir. 1985). Otherwise, the court may assert "specific personal

---

motion, defendants will seek to join these other parties in third-party claims in this action.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 8
(Case No. CV 03-2358L)

SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  jurisdiction," limited to causes of action related to the defendant's contacts with the forum
2  state. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

3  Aalacho cannot allege that the proposed new defendants have had substantial,
4  continuous or systematic contacts with Washington state. As stated above, the DJs have
5  hardly set foot in Washington. Their only visits have been for purposes of performing in
6  night clubs, and those performances have been rare: no more than three joint performances
7  since 1995 (the last one nearly four years ago), plus solo appearances by Mr. Tayebi in
8  2001 and 2002. Productions has conducted no business in the state independent of the
9  individual DJs' rare performances here. Shirazinia Decl. ¶¶ 3-6; Tayebi Decl. ¶¶ 3-7.
10  Such sporadic contacts cannot form the basis for a claim of general personal jurisdiction.

11  As for specific jurisdiction, Aalacho must show (among other things) that its claims
12  "arise out of or result from the defendant's forum-related activities." *Roth*, 942 F.2d at
13  620-21. Aalacho cannot meet this standard. None of its claims arises out of or result from
14  the DJs' limited activities in Washington state – *i.e.*, the few club performances.
15  Conversely, the DJ activities identified in the proposed amended complaint[6] did not occur
16  in Washington state. Tayebi Decl. ¶ 8; Shirazinia Decl. ¶ 7. Finally, the forum-related
17  activities previously identified by this Court as a basis for asserting jurisdiction over the
18  existing defendants (the retail website sales of the Global CD and the negotiations between
19  Deep Dish Records, Inc.'s business agents and Aalacho's Washington-based
20  representative) were not activities of the DJs. *Id*. ¶ 8; Tayebi Decl. ¶ 9.

21  Finally, the amendment alleges that each defendant is the alter ego of the other.[7]
22  Proposed 2nd Am. Compl. at ¶ 4.26. This is insufficient to establish jurisdiction over the

---

[6] The proposed amendment adds an allegation that "pursuant to a contractual arrangement with Global [defendants] were required to 'select and propose to Global a list of tracks …,' and to 'mix, record, and deliver a master of the compilation to Global.'" Also added is an allegation that the DJs "selected and mixed the songs to be used" in, and "mix[ed], and deliver[ed] a master" to Global. Proposed 2nd Am. Compl. ¶¶ 4.12, 4.13.

[7] The individual DJs own (or, in the case of Yoshitoshi Shop, LLC, owned) the three corporations at issue.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 9
(Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  DJs.  As a general matter, co-defendants' common ownership (even a parent company's
2  dominance over a subsidiary) is insufficient in itself to establish personal jurisdiction.  *Von*
3  *Grabe v. Sprint PCS*, 312 F. Supp.2d 1285, 1296 (S.D. Cal. 2003), *citing AT & T v.*
4  *Compagnie Bruxelles Lambert*, 94 F.3d 586, 590-91 (9th Cir.1996).  In some
5  circumstances, personal jurisdiction may be asserted over a defendant on a theory that it is
6  the alter ego of another defendant that has the requisite forum contacts.  To base
7  jurisdiction on this theory, however, the plaintiff bears the burden of establishing, with
8  "admissible documentary evidence," "(1) that there is such unity of interest and ownership
9  that the separate personalities of [the two defendants] no longer exist and (2) that failure to
10 disregard [their separate identities] would result in fraud or injustice."  *Von Grabe*, 312 F.
11 Supp.2d at 1297-98 (citing *Flynt*, 734 F.2d at 1393 and *Sher v. Johnson,* 911 F.2d 1357,
12 1361 (9th Cir.1990)).

13         As discussed elsewhere, the three corporate defendants at issue here each is
14 engaged in a separate business:  Deep Dish Records is a record label; Productions
15 furnishes the services of Mr. Shirazinia and Mr. Tayebi as DJs and producers; and
16 Yoshitoshi Shop, LLC, ran a now-defunct record store and has ceased to be an ongoing
17 concern.  Dk. # 73, ¶¶ 4-6.  The entities are separately capitalized and observe corporate
18 formalities.  Shirazinia Decl. ¶ 4; Tayebi Decl. ¶ 4.  More to the point, under the authority
19 cited above, to establish personal jurisdiction based on an alter ego theory, Aalacho would
20 be required to come forward with admissible documentary evidence that the separate
21 personalities of each corporation and the individuals no longer exist, and that failure to
22 disregard the corporation would result in a fraud or injustice.  *Von Grabe*, 312 F. Supp.2d
23 at 1297.  Aalacho cannot (consistent with FRCP 11) make this prima facie showing,
24 because there is no such evidence.

25         Accordingly, because the DJ defendants are not subject to personal jurisdiction in
26 Washington under any theory, the amendment should be denied as futile.

27

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 10
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### B. Aalacho's Amendment Is Untimely and Prejudicial.

Independently, Aalacho's motion should be denied because of Aalacho's undue delay in seeking to amend the complaint, and because the proposed amendment would be prejudicial to defendants' rights to obtain relief from Global and others responsible for distributing the allegedly infringing compilations CDs. *See Roth*, 942 F.2d at 628 (undue delay and prejudice to opposing party justify denial of leave to amend pleading).

Attempting to justify its dilatory filing, Aalacho claims defendants failed to set out "the involvement of Mr. Shirazinia and Mr. Tayebi … or of Deep Dish Productions, Inc. in the allegedly infringing activities," and that Aalacho had no way to know, prior to defendants' June 28, 2004, summary judgment brief, that the DJs played a role in creating the CD. Motion at 2-4. But Mr. Shirazinia and Mr. Tayebi were specifically identified in interrogatory responses served on May 10, 2004, as the individuals "who facilitated and/or assisted with any modification and/or editing of the Track…." Nasseri Decl. Ex. B (Interrog. # 5). And the Global CD – which Aalacho possessed, and relied on when it brought its summary judgment motion on June 10, 2004 – makes perfectly clear that it is a Global product featuring the DJs as performers and producers. Dk. # 67, Exhibit E. Deep Dish Productions is plainly identified on the liner notes. *Id.* Moreover, Aalacho's counsel's direct correspondence with Global prior to the release of the first CD shows that Aalacho was aware, at the very least, that Global was responsible for releasing the CD and for procuring rights in the Track. Dk. # 72, Ex. L.[8]

Despite knowing all of this, Aalacho elected to conduct no further discovery on these issues. Instead, it sat on its hands, and filed a summary judgment motion that was based largely on the false premise that defendants were responsible for licensing the Track to Global, without mentioning Aalacho's contacts with Global. *Id.*; Dk. # 80 at 6. Defendants' summary judgment opposition established, for reasons Aalacho already knew

---

[8] Defendants believe substantial additional correspondence between Aalacho's counsel and Global will be produced in response to defendants' pending discovery requests.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT - 11
(Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

(or should have known), that the existing defendants could not be held liable under any of Aalacho's theories. *See* Docket # 80. Only after receiving this briefing did Aalacho consider adding additional defendants (though, notably, not Global, even though Aalacho itself has looked to Global as the ultimately responsible party, Dk. # 72 Ex. L).

Aalacho's delay tactics are prejudicial to defendants. Had Aalacho sought to add Productions in a timely manner, Productions would have invoked its contractual indemnification against Global and either tendered its defense or pursued a third-party claim against it. In addition, defendants have other claims that may be asserted against Global and others involved in the retail distribution of the CDs. Defendants have elected not to pursue those claims in this action out of concern that the creation and manufacture of the CD involved conduct with an insufficient nexus to the state of Washington. Aalacho's proposed amendment puts such conduct in issue here; had the issue been raised in a timely manner, defendants would have pursued their third-party claims in this action. Additionally, the timing of Aalacho's proposed amendment leaves virtually no time for discovery into the bases for its new allegations.

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion should be denied. In the alternative, if the Court is inclined to grant the motion, defendants request a status conference to consider revising the current case schedule. Among other things, defendants would seek a new case schedule under which they could (i) bring a motion to dismiss the newly added defendants for lack of subject matter jurisdiction; (ii) if unsuccessful, extend the discovery cutoff and other case deadlines; and (iii) bring a third-party action against additional parties.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 12
 (Case No. CV 03-2358L)
SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

DATED this 10th day of August, 2004.

          Davis Wright Tremaine LLP
          Attorneys for Defendants

          By  s/ Eric M. Stahl
              Alan S. Middleton, WSBA No. 18118
              Eric M. Stahl, WSBA No. 27619

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO AMEND COMPLAINT- 13
 (Case No. CV 03-2358L)

SEA 1534986v3 65942-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699