1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE HONORABLE ROBERT S. LASNIK**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

AALACHO MUSIC, LLC, a Washington
limited liability company,

               Plaintiff,

      vs.

DEEP DISH RECORDS, INC., a District of
Columbia corporation, and YOSHITOSHI
SHOP, L.L.C., a limited liability company,

               Defendants.

NO.  CV03-2358L

**AALACHO MUSIC, LLC'S
REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO
AMEND COMPLAINT**

## I.  INTRODUCTION

In this copyright infringement action brought by Aalacho Music, LLC ("Aalacho")

against Defendants Deep Dish Records, Inc. and Yoshitoshi Shop, L.L.C (together,

"Defendants"), Aalacho seeks to add as defendants the Defendants'

shareholders/directors/officers.  Whereas individual defendants usually point their finger

at a corporation to escape personal liability, the corporate defendants in this case request

the Court excuse their infringements because their individual shareholders/directors

committed the infringing conduct.  According to Defendants' theory, Aalacho will never

recover for these infringements unless they sue Sharam Tayebi and Ali Shirazinia (the

"DJs") and another company the DJs own, Deep Dish Productions, Inc. (the "DJ Entity").

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 1
**Case No.  CV03-2358L**

1  Aalacho should not be denied the opportunity to be made whole because Defendants

2  withheld the fact that their directors/officers were acting in an individual capacity outside

3  of their scope as corporate representatives.  Aalacho's request comes immediately after it

4  learned about the involvement of the DJs and the DJ Entity.  Until recently, in their

5  opposition to motion for summary judgment, Defendants never disclosed that the DJs and

6  DJ Entity are responsible for the infringements.

7       No party will suffer any prejudice by the addition of the DJs and the DJ Entity to

8  this lawsuit because the discovery and claims relating to them will be identical to those

9  relating to their entities which are already defendants.  Defendants' futility argument is

10  unavailing.  Courts ordinarily consider challenges to sufficiency of the pleadings after

11  allowing amendment.  Moreover, the proposed amended pleading satisfies the requisite

12  standard.  Accordingly, Aalacho's request to amend should be granted.

## II.  DISCUSSION

### A.  AALACHO EXERCISED DILIGENCE IN SEEKING TO ADD THE DJs OR THE DJ ENTITY

Defendants argue that Aalacho unduly delayed addition of the DJ and the DJ

Entity because Aalacho knew or should have known about the DJ's involvement in the

infringing activity through examination of the liner notes of the *Toronto* CD, and that

Aalacho was aware "at the very least, that Global was responsible for releasing the CD

and for procuring rights in the Track."  (Opposition (Dkt. #81), p. 11.)   Defendants

further argue that Aalacho "elected to conduct no further discovery on these issues."

(Opposition, p. 12.)  The record belies Defendants' allegations.

From the onset of this dispute, Aalacho sought to hold responsible the parties that

actually infringed on its copyrights.  Defendants have not cooperated in any regard with

respect to the disclosure of the various "Deep Dish" entities and individuals–all affiliated

with one another–who were involved in the infringing activity.  In numerous instances,

Defendants failed to disclose or acknowledge the existence of the DJ Entity or the DJs as

separate from the Defendants, even though Aalacho's discovery specifically sought such

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 2
**Case No.  CV03-2358L**

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1    information.  For example, Aalacho's Interrogatory No. 3[1] sought identification of all

2    "affiliate[s] of Deep Dish."  Defendants' response did not include the DJ Entity.

3    Aalacho's discovery covered a variety of relevant matters such as the relationship

4    between Yoshitoshi and Deep Dish (Interrogatory No. 7), and the identity of any

5    individuals or entities who would have information relevant to this lawsuit (Interrogatory

6    No. 2).  Defendants did not disclose or identify the DJ Entity, or the DJs in their

7    individual capacities, in response to any one of these requests.  Indeed, in response to the

8    pointed question seeking disclosure of the identity of "any and all persons [defined to

9    include business entities] who facilitated and/or assisted with any modification and/or

10   editing of the Track," Defendants failed to identify the DJ Entity, or identify the

11   individual DJs as separate from their identities of principals of Yoshitoshi and Deep Dish.

12   Thus, Defendants' claims that Aalacho "sat on its hands," (p. 11) or "waited, until past

13   the eleventh hour," (p. 6) lack any support in the record.  To the contrary, Defendants

14   shirked their responsibility to inform Aalacho that with respect to some of the

15   infringements, the DJs and the DJ Entity were actually the responsible parties.  This

16   strategy was first revealed to Aalacho in the Defendants' responsive filings to Aalacho's

17   Motion for Summary Judgment. (Dkt. #71 "Summary Judgment Opposition".)  In that

18   filing, Defendants first made known the existence of "Deep Dish Productions Inc., a

19   corporate entity distinct from either defendant."  (Summary Judgment Opposition, p. 4.)[2]

20   The Declaration of Ali Shirazinia attached to the Summary Judgment Opposition clarified

21   that "[t]he DJ performers known as Deep Dish are to be distinguished from Deep Dish

22   Records, Inc., a defendant in the above-captioned action."  (Shirazinia Decl. (Dkt. #73),

23   p. 2.)

24

25

26   [1] Aalacho attaches the Interrogatories and Requests for Production propounded by it, along with
     Defendants' responses, to the declaration of Venkat Balasubramani, submitted herewith.

27   [2] Defendants cannot point to any documents or responses to any Aalacho discovery in which
     Defendants actually informed Aalacho of the existence of the DJ Entity or the fact that the DJs acted outside of
28   the scope of their capacity as corporate officers in the context of the events underlying this lawsuit.

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR          **NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
LEAVE TO AMEND COMPLAINT - 3                       505 Fifth Avenue South, Suite 610
**Case No.  CV03-2358L**                           Seattle, Washington  98104
                                                   phone: (206) 274-2800
                                                   fax: (206) 274-2801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    DEFENDANTS WILL NOT SUFFER ANY PREJUDICE AS A RESULT OF THE PROPOSED AMENDMENT**

"Prejudice is the touchstone of the inquiry under rule 15(a)." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Ninth Circuit in that case held that absent prejudice, or a strong showing of any of the remaining reasons for denial of leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." <u>Id.</u>  In this case, Defendants will not suffer any prejudice as a result of the proposed amendment.

    <u>1.</u>    <u>Discovery and preparation for trial</u>.

The most common prejudice a party opposing an amended complaint would suffer would be the additional discovery and trial preparation required as a result of the addition of a new party or claim.  *See*, *e.g.*, <u>Ansam Ass'n v. Cola Petroleum, Ltd.</u>, 760 F.2d 442, 446 (2d Cir. 1985) (denying leave to amend based on discovery and trial-related prejudice to opposing party).  This case lacks any prejudice of that type.  Defendants fail to demonstrate how the case preparation undertaken by the DJs and the DJ Entity would be any different from the case preparation required to be undertaken by the Defendants.  Except with respect to the involvement of the individual defendants themselves (for which no discovery is required), the operative facts around the claims and defenses are the same whether asserted against the DJs and the DJ Entity, or by the existing Defendants.  The Defendants, the DJs, and the DJ Entity would need to obtain the same evidence, documents, and testimony from Aalacho or other third parties.  Consequently, neither Defendants nor DJs or the DJ Entity would suffer prejudice with respect to discovery or trial by the addition of the DJs of the DJ Entity.

    <u>2.</u>    <u>Addition of Global</u>.

The DJs and the DJ Entity argue that they would have added Global Underground, Ltd. ("Global") as a defendant in this lawsuit had the DJs and the DJ Entity been made a party to this case earlier on.  The argument that the DJs and the DJ Entity would have

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 4
**Case No.  CV03-2358L**

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1    made Global or other "others involved in the retail distribution of the CDs"[3] parties is a

2    red herring.  According to their responsive pleadings to Aalacho's summary judgment

3    motion, Defendants (*i.e.*, the existing defendants) relied on Global's assurances with

4    respect to exploitation of the Track.  Defendants could have sought to hold Global liable

5    for Aalacho's claims.  However, Defendants (who are controlled by the DJs) chose not to

6    add Global as a party.  The DJs should not now rely on this concocted prejudice to resist

7    Aalacho's request to amend.

8    **C.    DEFENDANTS FAIL TO SATISFY THE FUTILITY STANDARD**

9        A claim is considered futile if "there is no set of facts which can be proved under

10   the amendment which would constitute a valid claim or defense." Netbula v. Distinct

11   Corp., 212 F.R.D. 534, 538 (D. Cal., 2003)  (citing Miller v Rykoff-Sexton, Inc., 845 F.2d

12   209, 214 (9th Cir. 1988)). Denial of leave to amend on grounds of futility is rare.  Courts

13   ordinarily grant leave, and defer substantive objections to the pleadings until after leave to

14   amend is granted and the amended pleading is filed. *See* Netbula v. Distinct Corp., 212

15   F.R.D. at 538 (N.D. Ca. 2003) (citing Schwarzer, CALIFORNIA PRACTICE GUIDE:

16   FEDERAL CIVIL PROCEDURE BEFORE TRIAL at 8:422).  Courts apply the Rule 12(b)(6)

17   standard in determining futility.  Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000).

18       Aalacho alleges sufficient jurisdictional facts in the Amended Complaint to

19   withstand a motion to dismiss under Rule 12(b)(6).  Specifically, Aalacho alleged that

20   "Defendants . . . availed themselves to the laws and benefits of the State of Washington

21   by doing business with Aalacho in the state of Washington, and by wilfully infringing

22   upon Aalacho's copyrights knowing that Aalacho would be affected thereby in the State

23   of Washington." (*See* Amended Complaint, Exhibit B to Balasubramani Decl.)   This

24   allegation is sufficient to withstand a motion to dismiss, which is the appropriate

25   standard.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th

26

27

28       [3] Defendants fail to identify any such parties, and the basis upon which it would seek to add those
     parties.

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 5
**Case No.  CV03-2358L**

1    Cir. 1977) (noting that only a prima facie showing of jurisdiction is required).

2    Additionally, the Court previously ruled that Deep Dish and Yoshitoshi are subject to

3    personal jurisdiction based on their sales of the infringing material in the State, and

4    negotiations with residents of the State.  Aalacho should have an opportunity to put forth

5    evidence sufficient to impute these contacts to the DJs and the DJ Entity.

6                              **III. CONCLUSION**

7            Aalacho exercised reasonable diligence in seeking to add two individuals and an

8    entity who directly participated in the infringing activity as parties to the lawsuit.

9    Aalacho exercised reasonable diligence in conducting discovery, and notwithstanding that

10   exercise of diligence, did not become aware of the DJs or the DJ Entity or their

11   involvement in the infringing conduct until Defendants filed their opposition to Aalacho's

12   summary judgment motion.  Because the discovery and strategic considerations between

13   the Defendants and the DJs and the DJ Entity are similar if not identical, neither

14   Defendants nor the DJs or the DJ Entity will suffer prejudice as a result of the proposed

15   amended complaint.  In contrast, Aalacho may suffer substantial prejudice if it is not able

16   to add these parties.  For the foregoing reasons, Aalacho respectfully requests that the

17   Court grant Aalacho's motion.

18           DATED this 12th day of August, 2004.

19

20                              **NEWMAN & NEWMAN,**
                                **ATTORNEYS AT LAW, LLP**
21

22

23

24   By:   _____
         Derek A. Newman, WSBA No. 26967
25       Venkat Balasubramani, WSBA No. 28269
         Attorneys for Plaintiff **Aalacho Music, LLC**
26
         505 Fifth Ave South, Suite 610
27       Seattle, Washington  98104
         (206) 274-2800 phone
28       (206) 274-2801 fax

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 6
**Case No.  CV03-2358L**

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1

2

### CERTIFICATE OF SERVICE

3

4      The undersigned hereby certifies that on this 12th day of August, 2004, I caused

5  the foregoing **AALACHO MUSIC, LLC'S REPLY RE MOTION FOR LEAVE TO**

6  **AMEND AND CERTIFICATE OF SERVICE** to be served via NOTICE OF

7  ELECTRONIC FILING on the following parties:

8

9

10      **Alan S. Middleton, Esq.**
       **Eric Stahl, Esq.**
11      Davis Wright Tremaine LLP
       2600 Century Square
12      1501 Fourth Avenue
       Seattle, Washington 98101-1688
13

14

15      I declare under penalty of perjury under the laws of the United States and the State

16  of Washington that the forgoing is true and correct and that this declaration was executed

17  on August 12th , 2004, at Seattle, Washington.

18

19

20                                          _Diana Au_
                                          _____
21                                          Diana Au

22

23

24

25

26

27

28

AALACHO MUSIC, LLC'S REPLY RE MOTION FOR
LEAVE TO AMEND COMPLAINT - 7
**Case No.  CV03-2358L**