03-CV-02358-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AALACHO MUSIC, LLC,

    Plaintiff,

    v.

DEEP DISH RECORDS, INC., and
YOSHITOSHI SHOP, LLC,

    Defendants.

Case No. C03-2358L

ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT

# I. INTRODUCTION

This matter comes before the Court on a motion for leave to amend complaint (Dkt. # 77) filed by plaintiff Aalacho Music, LLC ("Aalacho"). Aalacho seeks to add Ali Shirazina, Sharam Tayebi (collectively, "the DJs") and Deep Dish Productions, Inc., as defendants. Defendants Deep Dish Records and Yoshitoshi Shop (collectively "Defendants") oppose the motion.

# II. DISCUSSION

A. **Background.**

In a prior order the Court has discussed the identities and the alleged activities of the current parties and the parties Aalacho seeks to add as defendants. See Order Denying Motion for Summary Judgment at 2-4. The Court need not recite those facts here. Aalacho contends

ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT- 1

1  that because it only discovered that the DJs and Deep Dish Productions engaged in copyright
2  infringement when Deep Dish Records and Yoshitoshi Shop filed a response to its motion for
3  summary judgment, leave to add defendants should be granted despite passage of the deadline to
4  add parties.

5  **B.     Standard.**

6        Unless a party is entitled to file an amended pleading as a matter of right, "a party may
7  amend the party's pleading only by leave of court or by written consent of the adverse party; and
8  leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the Ninth Circuit
9  this rule is "applied with extreme liberality." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.
10 1987). Leave to amend is properly denied when the opposing party makes a showing of undue
11 prejudice, bad faith, or dilatory motive. Foman v. Davis, 371 U.S. 178, 184 (1962).
12 Additionally, leave to amend should be denied when the amendment would be futile. Saul v.
13 United States, 928 F.2d 829, 843 (9th Cir. 1991). Even if the deadline by which to add parties or
14 amend pleadings has passed, a party may be granted leave to amend for good cause. Coleman v.
15 Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

16 **C.     Analysis.**

17     **1.     Good Cause.**

18       The scheduling order issued in this matter set a May 10, 2004 deadline for adding parties.
19 Aalacho contends that it has cause for an untimely addition of parties because it did not learn of
20 the proposed defendants' allegedly culpable conduct until Defendants responded to Aalacho's
21 motion for summary judgment on June 28, 2004, despite discovery requests that should have
22 elicited that information. (Motion at 2-3.) Defendants contend that this does not constitute good
23 cause because the DJs were identified in May 10, 2004 interrogatory responses as individuals
24 "who facilitated and/or assisted with . . . modification and/or editing of the Track." (Response at
25 11 (citing Nasseri Decl. Ex. B).) Additionally, Defendants note that the Global CD containing
26 the track referenced the DJs and identified Deep Dish Productions in the liner notes. Id. (citing

27
28 ORDER GRANTING MOTION FOR
   LEAVE TO AMEND COMPLAINT- 2

1  June 10, 2004 Branch Decl. Ex. E).

2      Aalacho propounded discovery in which Defendants should have identified the DJs, Deep
3  Dish Productions, and their activities. For example, Aalacho's Interrogatory No. 3 sought
4  identification of "affiliate[s]" of Deep Dish Records. (August 12, 2004 Balasubramani Decl. Ex.
5  A.) Deep Dish Records did not identify Deep Dish Productions. Id. Additionally, Defendants
6  failed to respond to Aalacho's requests to schedule a Fed. R. Civ. P. 26(f) discovery conference,
7  which ultimately required this Court to issue an order compelling Defendants to participate in
8  that conference. See Order Granting Motion to Compel Fed. R. Civ. P. 26(f) Conference (Dkt. #
9  55). The Court therefore finds that Aalacho has established good cause for addition of parties
10 after expiration of the deadline to join parties.

11     **2.  Futility.**

12     Defendants contend that Aalacho's proposed amendment should be barred as futile
13 because this Court does not possess personal jurisdiction over the three proposed defendants. "A
14 proposed amendment is futile only if no set of facts can be proved under the amendment to the
15 pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada
16 County, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997). Here, Aalacho has alleged jurisdictional
17 facts that, if true, would be sufficient to confer personal jurisdiction upon this Court. See June
18 28, 2004 Balasubramani Decl. Ex. A.

19     Based upon the facts and argument presently before the Court, the Court cannot find that
20 amendment would be futile due to lack of personal jurisdiction. However, the proposed
21 defendants may file a motion to dismiss on lack of personal jurisdiction grounds following the
22 filing of Aalacho's second amended complaint.

23     **3.  Prejudice.**

24     Defendants also contend that they will be prejudiced if amendment is permitted because
25 they would have added Global Underground Ltd. ("Global") as a defendant had the DJs and
26 Deep Dish Productions earlier been named defendants. See Response at 12. Defendants argue

27
28 ORDER GRANTING MOTION FOR
   LEAVE TO AMEND COMPLAINT- 3

that Deep Dish Productions "would have invoked its contractual indemnification against Global and either tendered its defense or pursued a third-party claim against it." Id. Aalacho argues that this argument is a "red herring" because the existing defendants, in response to Aalacho's motion for summary judgment, alleged that they relied on Global's assurances regarding use of the track and "could have sought to hold Global liable for Aalacho's claims." (Reply at 5.)

The Court finds that this alleged prejudice is insufficient to prevent amendment of the complaint. However, if the proposed (or existing) defendants desire to pursue third-party claims against Global, those defendants may file an appropriate motion.[1]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Aalacho's for leave to file amended complaint (Dkt. # 77). Aalacho is directed to file the amended complaint within seven days of the date of this Order.

DATED this 9th day of September, 2004.

_____
Robert S. Lasnik
United States District Judge

---

[1] Defendants requested that if the Court grants Aalacho's motion to amend, the Court hold a status conference regarding the current case schedule. "[D]efendants would seek a new case schedule under which they could (i) bring a motion to dismiss the newly added defendants for lack of subject matter jurisdiction; (ii) if unsuccessful, extend the discovery cutoff and other case deadlines; and (iii) bring a third-party action against additional parties." (Response at 12.) The dispositive motion deadline is October 12, 2004, so Defendants need no relief from the scheduling order to file the motion to dismiss for lack of subject matter jurisdiction. Regarding the other two potential needs for modification of the case schedule, the Court declines to set a status conference at this time. The parties are encouraged to discuss an appropriate modification of the case schedule and, if agreement is reached, submit a stipulated motion for modification of case schedule. If the parties cannot agree on those issues, Defendants may file a motion for leave to add parties, to modify the case schedule, or for other relief.

ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT- 4